IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JULIE RENEE WENTZEK,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

Civil No. 3:15-cv-00434-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff Julie Renee Wentzek filed this action March 17, 2015, seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act. This court has jurisdiction over plaintiff's action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3).

Page 1 - FINDINGS AND RECOMMENDATION

I have considered all of the parties' briefs and all of the evidence in the administrative record. For the reasons set forth below, the Commissioner's final decision should be affirmed.

## BACKGROUND

Wentzek protectively filed an application for DIB on November 16, 2004, alleging disability beginning on October 10, 2003, due to narcolepsy, depression, anxiety, chronic fatigue syndrome, fibromyalgia, post-traumatic stress disorder (PTSD), mitral valve prolapse with regurgitation, and back pain. Tr. 184, 197-98. The Commissioner denied her application initially and upon reconsideration; thereafter, she requested a hearing before an Administrative Law Judge (ALJ). Tr. 148-51. After a February 20, 2008 hearing, the ALJ found Wentzek not disabled. Tr. 33-40, 639-79. The Appeals Council granted Wentzek's request for review, vacated the ALJ's 2008 decision, and remanded the matter for further proceedings. Tr. 25-27.

On May 4, 2011, a second administrative hearing was held, at which Wentzek testified, as did a vocational expert (VE). Tr. 680-716. On May 16, 2011, the ALJ found Wentzek not disabled. Tr. 15-23. The Appeals Council denied review, and on September 18, 2012, Wentzek sought review in this court. On September 3, 2013, United States District Judge Michael H. Simon remanded this matter for further proceedings. Tr. 731-53. Judge Simon ordered the Commissioner to reassess Wentzek's credibility and to develop the record as to PTSD and other mental impairments, and thereafter determine whether the evidence required a reassessment of the claimant's residual functional capacity (RFC). Tr. 752-53.

On October 8, 2014, a third administrative hearing was held. Tr. 966-95. Wentzek testified as did a medical expert and VE. Wentzek was represented by counsel. On November

Page 2 - FINDINGS AND RECOMMENDATION

25, 2014, the ALJ found Wentzek not disabled through her date last insured, December 31, 2008. Tr. 717-30. Plaintiff filed this appeal on March 17, 2015.

Wentzek contends the ALJ erred by failing to give proper weight to medical evidence, failing to develop the record as to PTSD, and failing to properly assess her residual functional capacity after completing step three, and thereby erred by finding Wentzek capable of performing work at step five of the process.

I have considered all of the parties' briefs and all of the evidence in the administrative record. For the reasons set forth below, the Commissioner's decision should be affirmed and this matter should be dismissed.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the requisite demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. § 404.1520(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the Administrative Law Judge ("ALJ") considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. § 404.1520(a)(4)(i). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not

disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. § 404.1520(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 404.1520(c). The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b); *see also Bowen*, 482 U.S. at 141. If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c). Nevertheless, it is well established that "the step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), *citing Bowen*, 482 U.S. at 153-154. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work." *Id.*, *quoting* S.S.R. 85-28, 1985 SSR LEXIS 19 (1985).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d). If the claimant's impairments are equivalent to one of the impairments enumerated

in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, between the third and the fourth steps the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. § 404.1520(e). The RFC is an estimate of the claimant's capacity to perform sustained, work-related physical and/or mental activities on a regular and continuing basis,[1] despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. § 404.1545(a); *see also* S.S.R. No. 96-8p, 1996 SSR LEXIS 5 (July 2, 1996).

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(a)(4)(iv). If, in light of the claimant's RFC, the ALJ determines that the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(a)(4)(iv), 404.1520(f). In the event the claimant is no longer capable of performing his or her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof shifts, for the first time, to the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether a person with those characteristics and RFC could perform any jobs that exist in significant numbers in the national

---

[1] "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." S.S.R. No. 96-8p, 1996 SSR LEXIS 5 (July 2, 1996).

economy. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566. If the Commissioner meets her burden to demonstrate the existence in significant numbers in the national economy of jobs capable of being performed by a person with the RFC assessed by the ALJ between the third and fourth steps of the five-step process, the claimant is found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404,1520(g), 404.1560(c), 404.1566. A claimant will be found entitled to benefits if the Commissioner fails to meet that burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g).

## LEGAL STANDARD

A reviewing court must affirm an Administrative Law Judge's decision if the ALJ applied proper legal standards and his or her findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

The court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id., quoting Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The court may not substitute its judgment for that of the Commissioner. *See id., citing Robbins*, 466 F.3d at 882; *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Moreover, the court may not rely upon its own independent findings of fact in determining whether the ALJ's findings are supported by substantial evidence

Page 6 - FINDINGS AND RECOMMENDATION

of record. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), *citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). If the ALJ's interpretation of the evidence is rational, it is immaterial that the evidence may be "susceptible [of] more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), *citing Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984).

## SUMMARY OF ADMINISTRATIVE RECORD[2]

Wentzek was 41 years old on her alleged onset date of October 10, 2003. Tr. 729.[3] She completed a high school equivalency degree, obtained a dental certification, and worked as a dental assistant. Tr. 553-54, 648, 650-51, 729. Wentzek alleges she cannot work due to narcolepsy, depression, anxiety, chronic fatigue syndrome, fibromyalgia, PTSD, mitral valve prolapse with regurgitation, and back pain. Tr. 184, 197-98.

### I. The Medical Record

The parties are familiar with the extensive medical record. Therefore, it will be set out below when relevant.

### II. The Hearing Testimony

On October 8, 2014, a hearing was conducted before an ALJ in connection with Wentzek's application. Tr. 966-94. Wentzek, her counsel, and a VE were present. Robert J. McDevitt, M.D., a psychiatrist, reviewed the medical record and testified. Dr. McDevitt noted the medical records of Bowen S. Parsons, M.D., a psychiatrist who saw Wentzek nine times

---

[2] The following recitation constitutes a summary of the evidence contained within the Administrative Record, and does not reflect any independent finding of fact by the court.

[3] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 14.

Page 7 - FINDINGS AND RECOMMENDATION

beginning in August 2007 and ending in February 2008. Tr. 548-50, 546. Dr. McDevitt stated that diagnoses of chronic dysthymia and a history of PTSD were supported by the record. Tr. 975. Dr. McDevitt said Wentzek's dysthymia might respond to more effective and vigorous psychotherapy. *Id.* Dr. McDevitt opined that Wentzek's chronic pain syndrome was basically part of the depressive disorder. He noted the claimant had an untreated narcolepsy disorder which may be aggravated by the opioids she took. Tr. 976. Dr. McDevitt thought Wentzek capable of simple, routine work, avoiding hazards, heights, and machinery. Dr. McDevitt thought the claimant would have moderate limitations in persistence and pace and with supervision. Tr. 979-80.

Wentzek testified that she home schooled her son for fifth and sixth grade. Tr. 982. Her son has reactive attachment disorder, ADD, ADHD, dyslexia, and personality disorder. They did not finish the sixth grade curriculum. She provided child care for her grandson two hours a day, three days a week, but had to stop. Tr. 984. Household chores required frequent rest breaks.

Robert Gaffney, a VE, testified that a person limited to light work, with only occasional climbing of ramps and stairs, stooping, kneeling, crouching, and crawling, no climbing of ladders, ropes, or scaffolds, no balancing, no concentrated exposure to extremes of heat or hazards, and limited to unskilled, simple, routine, repetitive work with only occasional contact with supervisors and coworkers and no public contact would be unable to perform work as a dental assistant. Such a person would be able to perform work as a housekeeper or laundry worker. Tr. 989.

## ALJ FINDINGS

The ALJ applied the sequential disability determination process described above. At step one, the ALJ found Wentzek had not engaged in substantial gainful activity from her alleged onset date of October 10, 2003, through her date last insured of December 31, 2008. Tr. 722.

At step two, the ALJ found Wentzek had the severe impairments of degenerative disc disease, anxiety, depression, narcolepsy, PTSD, attention deficit hyperactivity disorder, chronic pain syndrome and alcohol abuse in remission. *Id.*

At step three, the ALJ concluded that Wentzek's impairments do not meet or equal the criteria for any condition in the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* The ALJ found that Wentzek had the RFC to perform light work, except she must avoid workplace hazards such as unprotected heights and dangerous machinery. She can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl, no climbing of ladders, ropes or scaffolds, no balancing, and no concentrated exposure to extremes of heat. She is limited to simple routine work with occasional contact with supervisors with no over-the-shoulder type supervision and no production quotas, and is able to do self-paced work with superficial contact with coworkers, no teamwork or collaboration, and no public contact. Tr. 724.

At step four, the ALJ concluded Wentzek was unable to perform any past relevant work. Tr. 729. However, at step five, the ALJ found jobs exist in significant numbers in the national economy that Wentzek can perform, including room cleaner and laundry worker. Tr. 729-30. As a result, the ALJ concluded Wentzek has not been disabled from October 10, 2003, through December 31, 2008, her date last insured. *Id.*

## DISCUSSION

### I. Plaintiff is Precluded from Challenging Issues Already Resolved by the Court

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *U.S. v. Park Place Associates, Ltd.,* 563 F.3d 907, 925 (9th Cir. 2009)(citations and internal quotation marks omitted). Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993), *cert. denied,* 508 U.S. 951 (1993)(citation omitted). For a prior ruling to become the law of the case, "the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *Herrington v. County of Sonoma,* 12 F.3d 901, 904 (9th Cir. 1993)(quoting *Milgard Tempering, Inc. V. Selas Corp. of America,* 902 F.2d 703, 715 (9th Cir. 1990)(alteration omitted). This District applies the law of the case doctrine in social security disability actions. *Osborn v. Colvin,* 104 F.Supp.3d 1104, 1112 (D. OR 2015). This court has already affirmed the ALJ's (and the Commissioner's) assessment of most of the medical evidence. Tr. 747, 12-23.

### A. Bowen S. Parsons, M.D.

Plaintiff argues the ALJ erred by rejecting the opinion of her treating psychiatrist. Plaintiff's Opening Brief, 27-31. The ALJ noted Dr. Parsons' December 2007 opinion that Wentzek was unable to work. Tr. 25. The ALJ also noted Dr. Parsons provided no specific functional limitations and, thus, gave the opinion little weight.

Dr. Parsons' opinion was contradicted by examining provider Donna Wicher, Ph.D., State agency medical and psychological consultants, and Dr. McDevitt. Tr. 20-22, 471-88, 544,

546, 552-60. This court affirmed the ALJ's rejection of the "brief and conclusory" opinion letter, and found the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting it. Tr. 20, 546, 743-45.

This court should find the law of the case bars Wentzek's argument regarding Dr. Parson's opinion.

## B. Other Sources

Plaintiff contends the ALJ erred by misconstruing medical testimony regarding PTSD and failing to develop the record on this issue, citing Theresa Ann Dudley, L.C.S.W., M.S.W. at Tr. 321. However, the cited record appears to be a report from Linda J. Tombaugh, L.C.S.W. Regardless, this court has already determined the ALJ did not err in rejecting the opinions of both Ms. Dudley and Ms. Tombaugh. Tr. 746-47. This court found their reports "were based on one-time, initial diagnostic interviews" and "neither report describes any functional limitations; rather, both counselors' chart notes merely reflect Ms. Wentzek's statements concerning her relevant background information." *Id.*

The most recent ALJ found both counselors assessed no functional limitations and gave their opinions, and their GAF score assignments, little weight. Tr. 727. This court has already concluded that even if the counselors reports were fully credited, it would not result in a more restrictive RFC. Tr. 747, 471-87, 556-61. This court should find that Wentzek's challenge to the medical evidence previously considered by Judge Simon is barred by the law of the case.

## C. Somatoform Disorder

Plaintiff argues the ALJ failed to develop the record regarding a somatoform disorder. Plaintiff's Opening Brief at 27. Judge Simon determined there was no medical diagnosis of a

Page 11 - FINDINGS AND RECOMMENDATION

somatoform disorder and no acceptable medical evidence of same. Tr. 749. Therefore, Wentzek should be barred by the law of the case from this argument.

## II. The Medical Expert

Wentzek contends the ALJ failed to develop the evidence by failing to question Dr. McDevitt about PTSD and her other mental impairments. Plaintiff's Opening Brief at 26. Dr. McDevitt testified there was sufficient objective evidence to form opinions about the nature and severity of Wentzek's mental impairments. Tr. 971-72. Dr. McDevitt testified that Plaintiff was on mild ("small" to "half the usual" dose) medications for her mental impairments. Tr. 973, 723. She was "overwhelmed by the psychosocial issues that she was struggling with." Tr. 973. Dr. McDevitt said the medical records documented a chronic dysthymic disorder, but did not support a diagnosis of panic disorder with agoraphobia. She was not hospitalized and did not require intensive outpatient treatment.

Dr. McDevitt opined that Wentzek had mild restrictions in her activities of daily living, and moderate limitations in social functioning and with concentration, persistence, and pace. Tr. 974-75. The ALJ noted that Dr. McDevitt testified that Plailntifff's hyperverbalism "might" result in moderate to marked restrictions in social functioning, and acknowledged he was speculating with regard to Plaintiff's ability to interact socially. Tr. 978-79, 723. The ALJ concluded Wentzek had moderate difficulties in rating the severity of mental impairments at steps two and three. Tr. 724. "From a formal psychiatric standpoint" Wentzek did not meet or equal in severity one of the Listed Impairments. Tr. 975-76. Dr. Wentzek thought plaintiff capable of simple, routine work. Tr. 976. Dr. McDevitt noted there was no clear diagnosis of PTSD, Wentzek denied flashbacks or nightmares, and complained most of depression and feeling

Page 12 - FINDINGS AND RECOMMENDATION

overwhelmed. 972. Wentzek's treating physician had diagnosed PTSD but Dr. McDevitt said "I'm really stuck." Tr. 975.

The ALJ found Wentzek had PTSD at step two, as well as ADHD and chronic pain syndrome, assessed functional limitations pertaining to Wentzek's mental impairments in the RFC, and reassessed her credibility. Tr. 722, 720-30. The burden of proof is on the claimant to establish entitlement to disability benefits. *Tidwell,* 161 F.3d at 601. Wentzek argues the ALJ should have asked Dr. McDevitt more questions about PTSD. Pl.'s Br. at 25. However, Wentzek was represented by counsel who did have the opportunity to question Dr. McDevitt. Tr. 978-91.

Plaintiff contends her PTSD symptoms included flashbacks, trigger response, hypervigilence, startle, and estrangement. Pls. Br. at 24. She does not identify how those symptoms are not adequately addressed by the simple routine work restrictions identified by the ALJ.

On remand, the ALJ called a medical expert and found Wentzek had the severe impairment of PTSD as well as other mental impairments. Tr. 722. The ALJ considered Plaintiff's mental impairments in the RFC, the hypothetical to the VE, and at step five. This court should find the ALJ did not err by failing to develop the medical record.

### III. Residual Functional Capacity and Step Five Finding

Wentzek argues the ALJ erred by failing to find she has moderate to marked limitations in social functioning and moderate limitations with concentration, persistence, and pace. Wentzek contends that moderate limitations with persistence and pace, and moderate limitations

in getting along with supervisors, is the equivalent of being off-task 20 percent of the time. Pl.'s Br. at 32, 978-82, 992-93.

The ALJ gave "great weight" to the July 2008 consultative examination opinion from Donna Wicher, Ph.D. Tr. 727. Dr. Wicher found no gross deficits in memory or concentration. An MMPI-2 profile "indicated that she was clearly responding in a distorted fashion, endorsing a higher level of distress and impairment than could likely be supported by objective findings. Indeed, her score on the Fake Bad Scale was well above the cutoff which the test publisher indicates should raise very serious concerns about the reliability of the individual's self-report." Tr. 555. The MMPI-2 was invalid due to over-endorsement of symptoms. Dr. Wicher diagnosed a depressive disorder, an anxiety disorder, and alcohol abuse in remission. She opined the claimant had no limitation in understanding, remembering, and carrying out instructions. She had slight limitations in the ability to interact appropriately with supervisors and coworkers and in the ability to respond appropriately to work pressures in a usual work setting. Wentzek had moderate deficits in concentration, persistence and pace. Tr. 557.

Both Dr. Wicher and Dr. McDevitt found Wentzek had moderate deficits in concentration, persistence, and pace. Tr. 723, 728. The question becomes whether those limitations are adequately addressed by the RFC analysis which limits her to "simple routine work with occasional contact with supervisors with no over the shoulder type supervision and no production quotas, and was able to do self-paced work with superficial contact with coworkers, no teamwork or collaboration, and no public contact." Tr. 724. *Compare Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1174 (9th Cir. 2008) *with Brink v. Comm'r of the Soc. Sec. Admin.,* 343 Fed.Appx. 211, 212 (9th Cir.2009)(mem.); *see also Lubin v. Comm'r of Soc. Sec.,* 507

Page 14 - FINDINGS AND RECOMMENDATION

Fed.Appx.709, 712 (9th Cir. 2013)(mem.)(finding the ALJ erred by accepting the claimant had limitations as to concentration, persistence, and pace and then failing to include those limitations in the RFC and the hypothetical question to the VE)[4]. In *Stubbs-Danielson,* the claimant's physician identified her as having "slow pace, both in thinking & actions," but found she was still able to "carry-out simple tasks as evidenced by her ability to do housework, shopping, work on hobbies, cooking and reading." 539 F.3d at 1173. The ALJ "translated" the physician's conclusions regarding the claimant's pace and mental limitations into a restriction to "simple tasks." *Id.* at 1174. The court found the ALJ's assessment as to the claimant's concentration, persistence, and pace adequately incorporated the claimant's restrictions. *Id.*

In *Brink* the ALJ accepted the claimant had moderate restrictions as to concentration, persistence, and pace, but did not include those specific limitations in her hypothetical to the VE. 343 Fed.Appx. At 212. Instead, the ALJ's hypothetical only referenced a restriction to "simple, repetitive work." *Id.* The court found this restriction did not adequately capture the claimant's restrictions because the "repetitive, assembly-line work" addressed by the VE still might require "extensive focus and speed." *Id.* The court distinguished *Brink* from *Stubbs-Danielson* because in that case the medical testimony had not established specific restrictions as to concentration, persistence, or pace.

Similarly, this court has found that an ALJ errs when she accepts the claimant has moderate restrictions of concentration, persistence, and pace, but poses a hypothetical question to

---

[4] Although *Brink* and *Lubin* are unpublished decisions by the Ninth Circuit, and are therefore not precedent, they may be indicative of how the court would rule in a published opinion. *Saucedo v. Colvin,* No. 6:12-cv-02289-AC, 2014 WL 4631225, slip op. at *17 (D. Or. Sept. 15, 2014).

Page 15 - FINDINGS AND RECOMMENDATION

the VE limiting the claimant to "understand, remember, and carry out only simple instructions that can be learned by demonstration" with "little variance in assigned tasks from day to day." *Lee v. Colvin,* 80 F.Supp.3d 1137, 1151 (D. OR. 2015). The *Lee* court noted the hypothetical did not address limitations regarding persistence or pace. In addition, the jobs identified by the VE (auto detailer, scrap metal sorter, and agricultural produce packer) may still require "extensive focus or speed," similar to the repetitive, assembly-line work identified in *Brink.*

Here the ALJ found Wentzek limited to simple, routine work, with occasional contact with supervisors and no over-the-shoulder type of supervision. Tr. 724. She is limited to self-paced work, with no production quotas, only superficial contact with coworkers, no teamwork or collaboration, and no public contact. *Id.* Accordingly the ALJ accounted for Wentzek's moderate limitations in concentration, persistence, and pace, as well as moderate problems with supervisors. On this record, the court should find the ALJ did not err in formulating Wentzek's RFC or at step five.

## RECOMMENDATION

For the foregoing reasons, the Commissioner's final decision should be **AFFIRMED** and this case should be dismissed with prejudice.

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See,* FED.R.CIV.P. 72, 6. Parties are advised that the failure to file objections within the

specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 21st day of April, 2016.

_____
Honorable Paul Papak
United States Magistrate Judge